ORDERED in the Southern District of Florida on April 21, 2009.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | **CASE NO.: 08-13940-AJC** |
| | **CHAPTER 7** |
| **SANFORD PHILLIP BERRIS,** | |
| Debtor. | |
| | |
| **ALAN GOLGBERG, CHAPTER 7 TRUSTEE,** | **ADV. PRO. NO.: 08-01580-AJC** |
| Plaintiff, | |
| v. | |
| **PAMELA STERN,** | |
| Defendant. | |

**MEMORANDUM DECISION DENYING DEFENDANT'S RENEWED MOTION TO DISMISS**
**ON JURISDICTIONAL GROUNDS**

THIS CAUSE came before the Court for hearing on March 3, 2009 at 2:30 p.m. in Miami, Florida on Defendant's *Renewed Motion to Dismiss* (the "*Motion*"), [D.E.s 21 and 22]. The Defendant seeks to dismiss the Plaintiff/Trustee's *Complaint for Turnover of Property of the Estate and for Related Relief* (the "*Complaint*"), [D.E.1], and the Plaintiff seeks to recover amounts due under a lease agreement entered into by the Debtor and Defendant pre-petition

for a lease term that commenced pre-petition but was set to expire post-petition. The Plaintiff also seeks to recover statutory damages stemming from two dishonored checks issued by the Defendant representing two months of post-petition rental payments.

In the *Motion*, the Defendant, as further elaborated at oral argument, argues that dismissal is proper because (i) the Court does not have subject matter jurisdiction because the action is not one for turnover under 11 U.S.C. §542 but rather a straight collection action that is not within the jurisdiction of the bankruptcy courts; (ii) the Plaintiff failed to join an indispensable party; and (iii) the Plaintiff does not have standing, thus, this Court does not have jurisdiction over Plaintiff's claims to recover alleged unpaid rent and other damages related thereto.[1] In support of the Defendant's argument as to standing, she asserts that Plaintiff does not have such because the Plaintiff, as Trustee, failed to assume the lease under 11 U.S.C. §365(d)(1) and as a result, the lease was deemed rejected as of May 30, 2008. In addition, the Defendant asserts that the Plaintiff lacks standing because the Plaintiff, as Trustee, abandoned the real property effective August 28, 2008. [D.E. 103, Main Case].

At the conclusion of oral argument the Court determined that in light of the jurisdictional challenges noted in points (i) and (iii) above, such were threshold issues, therefore, it would be efficient to first adjudicate the issues regarding jurisdiction before proceeding further. Based on the *Motion*, the record herein, and argument of counsel, the Court denies the *Motion* on jurisdictional grounds for the reasons set forth below.

### Turnover Pursuant to 11 U.S.C. § 542

In her *Motion*, the Defendant asserts that dismissal is proper because Plaintiff has not alleged that the Defendant is in possession of estate property, which the Defendant contends is a pre-requisite to a turnover action under Section 542 of the Bankruptcy Code. *Motion* at 3, ¶ 1. At the hearing on the *Motion*, the Defendant expanded on this by arguing that Plaintiff's

---

[1] Standing is considered an element of subject matter jurisdiction. See <u>Lamb v. Charlotte County</u>, 429 F. Supp. 2d 1302, 1310 (M.D. Fla. 2006).

*Complaint* is nothing more than a collection action that is not within the jurisdiction of the bankruptcy courts.

Jurisdiction of the bankruptcy court is governed by 28 U.S.C. §157(b)(1), which provides that bankruptcy judges may hear and determine, among other things, any core proceedings arising under title 11 or arising in a case under title 11. Id. Core proceedings include matters concerning the administration of the estate, as well as actions seeking turnover of property of the estate. 28 U.S.C. §157(b)(2)(A) and (E). Subsection (b)(3) of §157 states that a determination that a proceeding is not a core proceeding cannot be based solely on the fact that the resolution may be affected by state law. 28 U.S.C. §157(b)(3). It is these two jurisdictional provisions that Plaintiff has alleged serve as the basis for this Court's subject matter jurisdiction over this action. [D.E. 1 at 1, ¶ 1].

Courts have held that actions to recover monies owed to the bankruptcy estate may be sought by way of turnover pursuant to §542. Addressing an action to recover unearned advanced commissions owed to a Chapter 11 debtor, the bankruptcy court in Auto Dealer Services, Inc. v. Terry Taylor Ford, Inc. (In re Auto Dealer Services), 189 Bankr. LEXIS 272 (Bankr. M.D. Fla. 1989), held, "Because the collection of these unearned commissions is akin to the turnover of property of the estate, the requirements of sub-section (2)(E) are met." Id. at *7. In analyzing other opinions related to the issue, Judge Proctor in Auto Dealers reasoned:

> There, as in this case, the collection of account receivables was required to generate funds for distribution to the debtor's creditors, and, according to the court, the complaint to collect such receivables ought to be retained within the jurisdiction of the bankruptcy court to give the trustee a forum in which to efficiently litigate the proceeding.

Id. at *8.

This Court agrees and holds that the Trustee's action to recover amounts due the estate under the lease is a core matter under 28 U.S.C. §157(b)(2)(A) and (E). Accordingly, this Court rejects the Defendant's argument in its *Motion* that Plaintiff has failed to state a claim for turnover under 11 U.S.C. §542.

## Rejection and Abandonment

While it is true that the Plaintiff's failure to assume the subject lease within the first sixty (60) days of the bankruptcy case resulted in a rejection of the lease as of May 30, 2008 by the Trustee pursuant to 11 U.S.C. §365(d)(1), subsection (h)(1)(A)(ii) of § 365 provides that, upon rejection, the lessee may choose to retain its right of possession, as well as other rights, including the amount and timing of the payment of rent. Thus, notwithstanding rejection, the Defendant was entitled to remain in possession of the premises for the remainder of the lease term, provided of course that she pay rent. Under subsection (h)(1)(A)(ii), "It is the tenant's option to treat the lease as terminated or to remain in possession and comply with the terms of the lease." In re South Andrews Realty Assocs., 1994 Bankr. LEXIS 1721 *9 (Bankr. S.D. Fla. 1994). See also In re Riverside Village, 102 B.R. 858, 861 (Bankr. M.D. Fla. 1989).

It is undisputed that the Defendant remained in possession after the date of rejection of May 30, 2008, for in her original motion to dismiss, she states "June 20, 2008 [sic] Acting out of insecurity and anxiety, I vacate [sic] apartment and send [sic] notice to Mr. Berris." [D.E. 6, ¶ 10; See also ¶ 13]. Thus, the Defendant exercised her rights to remain in possession of the property following rejection as afforded to her by § 365(h)(1)(A)(ii).  Correspondingly, she is, under the foregoing provision, obligated to comply with the terms of the lease, including the payment of rent and all other charges coming due thereunder. Consequently, the Defendant's argument with respect to rejection and its effect on jurisdiction must fail. [2]

Turning to the issue of abandonment, the Defendant's argument that such extinguishes the Plaintiff's standing and therefore this Court's jurisdiction must also fail. The Defendant argues that by abandoning the real property, the Plaintiff has also abandoned any rights related thereto under the theory that the lease payments are usufruct with the land. Motion at 3, ¶ 3. Such blurs the distinction between the bankruptcy estate's rights in the land and the estate's

---

[2]     Noteworthy is the fact that the two payments that were dishonored were for rent coming due pre-rejection. Therefore, the Defendant's argument clearly fails at least as to these two payments and the obligations represented by them.

4

rights in the lease. Under applicable Florida law, a lease is considered personal property, severable from the realty to which it relates. As noted by one Florida appellate court:

> It has been long recognized in this state that, at common law, a leasehold interest was considered as a chattel real, that is, a species of personal property, and, *in the absence of a statute changing the common law rule*, the leasehold was to be classified as personalty, not realty. See Williams v. Jones, 326 So.2d 425, 433 (Fla. 1975), appeal dismissed, 429 U.S. 803, 97 S. Ct. 34, 50 L. Ed. 2d 63 (1976).

The Aurora Group, Ltd. V. Department of Revenue, 487 So.2d 1132 (Fla. 3d DCA 1986) [emphasis in original]. Although the Plaintiff, as Trustee, abandoned the subject real property effective August 28, 2008, nowhere in the main bankruptcy case does it reflect that the Trustee abandoned the estate's rights in the lease and any rights flowing from the Defendant's acting in accordance with subjection (h)(1)(A)(ii) of § 365. Even if the Defendant's argument was to have any merit, it would only be valid as to any amounts coming due following the date of abandonment. As a result, the estate would, at a minimum, retain its rights to collect the two rental payments that were dishonored, as well as any amounts coming due thereafter through the date of abandonment of August 28, 2008. Nonetheless, the Court rejects such a conclusion that abandonment of the real property precludes an action for rent and other amounts coming due under the lease, whether such is for amounts coming due before or after the date of abandonment. This Court believes the Trustee as the Plaintiff herein has the right to pursue claims arising under the lease and any rights flowing from the Defendant's acting in accordance with subjection (h)(1)(A)(ii) of §365.  Any argument regarding abandonment may be asserted as an affirmative defense.

### Failure to Join Indispensible Party

The motion to dismiss further seeks dismissal based upon the Plaintiff's failure to join an indispensible party pursuant to FRBP 7019. The Defendant asserts that the real property is co-owned by a non-debtor, non-party to this action, leaving Defendant with the possibility of being subject to collection efforts by such non-party for the very same rents sought to be collected by

the Trustee. Defendant contends that, without including the non-debtor third party in these proceedings, it is not possible to grant full relief.

While the Court agrees that failure to join an indispensible party will justify dismissal of a complaint, the parties have not had the opportunity to fully brief this issue.

Therefore, based on the foregoing, it is

ORDERED and ADJUDGED that the Defendant's *Motion* is DENIED in part, with respect to this Court's lack of jurisdiction. The *Motion* is set for further hearing before the Court on ___May 18,___ , 2009 at 2 :30 AM/PM in Courtroom 1410, 51 SW First Ave., Miami, FL to consider whether the Plaintiff has failed to join an indispensible party to this action so as to justify dismissal of the complaint.

###

Copies furnished to:
Jason E. Slatkin, Esq.
Slatkin & Reynolds, P.A.
Attorneys for Plaintiff
One E. Broward Blvd., Suite 609
Ft. Lauderdale, FL 33301
Telephone: 954.745.5880
Facsimile: 954.745.5890
E-mail: jslatkin@slatkinreynolds.com

> Jason E. Slatkin is directed to serve a copy of this Order on all entitled to service thereof and to file a certificate of service immediately thereafter.